Argued and submitted October 29, 2004, reversed March 9, 2005

Kenneth MOON,
*Petitioner,*

*v.*

GOVERNMENT STANDARDS
AND PRACTICES COMMISSION,
*Respondent.*

00-239EDZ; A121702

108 P3d 112

John M. Petshow argued the cause and filed the briefs for petitioner.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner seeks judicial review of an order of the Oregon Government Standards and Practices Commission (GSPC) concluding that he violated ORS 244.040(1)(a) and ORS 244.120(1)(c) on nine occasions and imposing a civil penalty of $1,800 and a forfeiture in the amount of $5,277. Petitioner raises five assignments of error, of which we discuss only the second. Petitioner argues that GSPC erred when it determined that petitioner had not timely requested that GSPC file an action against him in Marion County Circuit Court instead of proceeding with a contested case hearing. ORS 244.260(8). We review for errors of law, ORS 183.482(8), and reverse.[1]

Petitioner has been the district manager of the Boring Water District for over 20 years. Petitioner came under investigation by GSPC because it received complaints that he was hiring his son to do work for the district without notifying the district board in writing as required by ORS 244.120(1)(c). GSPC mailed two letters to petitioner. The dispute here is which of the letters constituted notification of an "action by order to move to a contested case proceeding" under ORS 244.260(8) and thus triggered the 21-day time limit within which petitioner was required to request that GSPC file an action against him in Marion County Circuit Court.

The procedural facts are undisputed. In a letter dated February 21, 2001, GSPC informed petitioner that it would conduct a meeting on March 2, 2001, and that it would take "one of two actions at that time" concerning the complaint. The letter stated that

---

[1] GSPC argues that the standard of review for the entire case is *de novo* pursuant to ORS 183.650(4) because petitioner's assignments of error involve judicial review of the agency's modification of the administrative law judge's (ALJ) findings. However, ORS 183.650(4) confers *de novo* review only when the agency modifies a "finding of historical fact." The second assignment of error that petitioner raises involves a conclusion of law, not a finding of fact. *See* ORS 183.650(3) ("an administrative law judge makes a finding of historical fact if the administrative law judge determines that an event did or did not occur in the past or that circumstance or status did or did not exist"); *Corcoran v. Board of Nursing*, 197 Or App 517, 107 P3d 627 (2004) (explaining standard of review under ORS 183.650). Thus, ORS 183.650(4) is not applicable.

"GSPC will either conclude that there is not an appearance of a violation and dismiss the matter or it will conclude that there is an appearance of a violation and the matter will be ordered to a contested case hearing. Because this proceeding will <u>not</u> be a contested case hearing, the GSPC will not entertain lengthy argument or other oral presentations. Brief oral statements, including public comment, will be permitted pursuant to GSPC rule."

(Underscoring in original.) Petitioner did not attend the meeting.

After GSPC conducted its meeting, it mailed a letter dated March 2, 2001, to petitioner that stated, in part:

"The Oregon Government Standards and Practices Commission (GSPC), at its meeting on March 2, 2001, made a *preliminary finding* that you violated Oregon Government Standards and Practices law.

"A proposed stipulated final order and notice of your right to request a contested case hearing will be submitted for your consideration as soon as it is prepared by GSPC staff. *If you would prefer to have the outcome of this matter determined by a court, you may request the GSPC to file a lawsuit against you in the Marion County Circuit Court. Such a request must be made in writing within 21 days after you receive this letter.*"

(Emphasis added.)

Then, on March 27, 2001, GSPC sent petitioner another letter with a six-page proposed stipulated final order attached, which stated, in part:

"The Oregon Government Standards and Practices Commission (GSPC) at its meeting on March 2, 2001, made a preliminary finding that you violated Oregon Government Standards and Practices law. Enclosed herewith is a proposed stipulated final order which, if executed by you and the chairperson of the GSPC, would conclude this matter. Please review this document carefully to see if the terms and conditions it contains are acceptable to you. As this is a proposal, some of the provisions are subject to negotiation. Accordingly, you are free to submit a counter-proposal including changes to the terms and conditions. You may wish to consult legal counsel in the course of making such a determination.

"If you disagree with the proposed findings or the proposed order, you may request a hearing pursuant to the Administrative Procedures Act, Oregon Revised Statutes Chapter 183. Your written request must be made within 21 days after you receive this letter * * *. *In the alternative, you may make a written request to the GSPC to file a lawsuit against you in the Marion County Circuit Court as provided by ORS 244.260(8).* If you do not request a hearing or the filing of a lawsuit within this 21-day period, your right to either shall be considered waived unless good cause is shown. A default final order will be entered and all information in the GSPC files on this matter shall become part of the record."

(Emphasis added.)

On April 12, 2001, within 21 days of the March 27 letter, petitioner wrote GSPC to inform it that he chose to require it to file an action against him in the Marion County Circuit Court in lieu of a contested case proceeding. GSPC responded that petitioner was no longer eligible to opt for the lawsuit procedure because more than 21 days had elapsed since the March 2 letter. Petitioner replied that he disagreed with GSPC's conclusion that the March 2 letter notified him of the commission's action by order to move to a contested case proceeding. Petitioner also indicated that, should GSPC stand by its conclusion, he would request a contested case hearing. GSPC stood by its conclusion that petitioner's request that GSPC file an action against him was untimely and granted petitioner a contested case hearing.

At the hearing, petitioner moved to dismiss the proceedings on the basis that he timely requested that GSPC file an action against him. The administrative law judge (ALJ) hearing the matter agreed with petitioner that the March 2 letter did not notify petitioner of GSPC's action by order moving the matter to a contested case proceeding, thus making petitioner's request that GSPC file an action against him timely. The ALJ proposed an order that the contested case proceeding be dismissed accordingly. However, GSPC issued an interim order rejecting the ALJ's proposed order and directing the ALJ to hear the merits of the case.

The contested case hearing proceeded with a different ALJ presiding over the hearing. After both sides presented their case, the ALJ issued a proposed order finding petitioner not to be in violation of any of the statutory provisions alleged. However, GSPC again disagreed with the proposed order and issued an amended order striking most of the ALJ's findings and substituting its own findings that petitioner violated ORS 244.040(1)(a) and ORS 244.120(1)(c) on nine occasions. Petitioner requested judicial review of GSPC's final order.

■    Petitioner argues on judicial review that the March 2 letter notified him only that GSPC had made a "preliminary" finding of violation and made no mention that it was moving to a contested case proceeding. Thus, according to petitioner, the March 27 letter, and not the March 2 letter, provided notification that GSPC was moving to a contested case proceeding because it notified petitioner of his right to request either a hearing or that GSPC bring an action against him and because there was a six-page proposed stipulated final order attached that signified GSPC's intention to move to a contested case proceeding. GSPC argues that the March 2 letter notified petitioner that the matter was being moved to a contested case hearing because the letter stated that petitioner had 21 days to request that GSPC file an action against him. We agree with petitioner.

ORS 244.260(8) provides:

"If, at the end of the Investigatory Phase, the commission takes action by order to move to a contested case proceeding, a public official may notify the commission that the official elects to have the commission file a lawsuit against the official in the Marion County Circuit Court in lieu of the contested case proceeding. *The public official shall notify the commission of the election in writing no later than 21 days after receiving notification of the commission's action by order to move to the contested case proceeding.* The commission shall file suit within 30 days after receiving notice that the public official has elected the lawsuit procedure."

(Emphasis added.)

■      Because the question presented requires us to engage in statutory interpretation, we follow the methodology set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). First, we must look at the text and context. If the legislature's intent is still unclear, we then turn to legislative history and then to general maxims of statutory construction. *Id.* Here, we need not look any further than the text.

■      We give a word not defined by statute its plain, ordinary meaning. *State v. Riddle*, 330 Or 471, 8 P3d 980 (2000). "Notification" is not defined by the statute. The ordinary meaning of the word "notification" is "the act or an instance of notifying," "the act of giving official notice or information," or "a written or printed matter that gives notice." *Webster's Third New Int'l Dictionary* 1545 (unabridged ed 2002). The 21-day time limit that a public official has to request an action in circuit court begins to run only after *receiving notification* that GSPC has *taken* action by order to move to a contested case proceeding. Thus, regardless of when GSPC actually did take action by order moving the case to a contested case proceeding, the 21-day time limit can be triggered only by notifying petitioner that it actually did so.[2]

The only notification that the March 2 letter provided petitioner is that GSPC had made a preliminary finding of a violation, that it *would be sending* petitioner a stipulated final order and notification of his rights to request a contested case hearing, and that petitioner had the right to request that it file an action against him. The March 2 letter does not say that GSPC took action by order to move to a contested case proceeding. That is not to say that those exact words are necessary in order to notify a public official that the matter has been moved to a contested case proceeding but, at the least, GSPC must indicate that it took some action to that effect. According to the letter, the only action that GSPC took was to make a preliminary finding. The next

---

[2] GSPC asserts that it ordered the case to a contested case proceeding at the March 2 meeting. However, there are no minutes from the meeting or any other evidence in the record indicating that it did so. We have only the letters GSPC sent to petitioner. As will be explained, the March 2 letter failed to convey that GSPC, in fact, moved to a contested case proceeding at the meeting.

statement in the letter is that GSPC will send future correspondence about petitioner's rights to a contested case hearing and a proposed order, thus indicating that GSPC will give further notification in the future. At best, the notification that the March 2 letter provided was that GSPC had made a preliminary finding and that it intended to move to a contested case proceeding at some future time.

GSPC argues that its statement in the March 2 letter that petitioner had the option to request that GSPC bring a legal action against him made it clear that it was moving the matter to a contested case proceeding. As discussed above, however, the letter does not indicate to the reader that GSPC had taken action by order to move to a contested case proceeding.[3] When the statement on which GSPC relies is viewed in the context of the rest of the letter, there is no indication of any action moving the case to a contested case proceeding; the letter says only that there will be future correspondence to that effect. GSPC cannot trigger the 21-day time period simply by providing notice of the period. Rather, ORS 244.260(8) specifically provides that only notification of GSPC's action by order to move the case to a contested case proceeding triggers the 21-day time period. Therefore, we conclude that the March 2 letter did not provide notification of GSPC's action by order to move to a contested case proceeding.

Although the March 27 letter also lacks the specific language that GSPC had moved to a contested case proceeding, we conclude that the information contained in the letter provided the required notification to petitioner. We reach that conclusion because the March 27 letter provides the notification required before an agency can hold a contested case hearing under ORS 183.415(2). That statute provides:

"The notice shall include:

"(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;

"(b) A statement of the authority and jurisdiction under which the hearing is to be held;

---

[3] For example, no order was attached to the March 2 letter, nor did GSPC include the minutes of the meeting indicating that it took "action by order."

"(c)   A reference to the particular sections of the statutes and rules involved; and

"(d)   A short and plain statement of the matters asserted or charged."

First, GSPC attached a proposed stipulated final order that specifically detailed what statutory provisions GSPC found petitioner to have violated and in what manner he violated them. Second, the letter notified petitioner in the present tense that he had the right to request a hearing. Third, the statement notified petitioner of his right to request that GSPC file an action against him. There would be no need for GSPC to readvise petitioner that he had 21 days to request that GSPC file an action against him if that time had already expired. Finally, the March 27 letter concluded by informing petitioner that a default order would be entered against him if he failed to respond. The March 2 letter contained no such information. Because the March 27 letter provided enough information to meet the notice requirements of ORS 183.415, we conclude that that letter provided notification that GSPC had moved to a contested case hearing.

■        Therefore, because petitioner filed his request to have GSPC bring an action against him in Marion County Circuit Court in lieu of a contested case proceeding within 21 days of the March 27 letter, GSPC must proceed in that manner. Accordingly, we need not address petitioner's other assignments of error pertaining to the contested case hearing.

Reversed.